**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 9**

Docket No. DC-0752-14-0495-I-1

**Douglas W. Freeze,**

**Appellant,**

**v.**

**Department of the Navy,**

**Agency.**

January 27, 2015

Laura A. O'Reilly, Virginia Beach, Virginia, for the appellant.

Greg Kreutzberg, Virginia Beach, Virginia, for the agency.

Deborah Sciascia, Esquire, San Diego, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1 The appellant has petitioned for review of the initial decision that dismissed the appeal of his indefinite suspension for lack of jurisdiction. For the reasons set forth below, we GRANT the petition for review, AFFIRM the administrative judge's finding that the Board lacks jurisdiction over the appellant's appeal of the imposition of his indefinite suspension, but FIND that the Board has jurisdiction over his appeal of the improper continuation of his indefinite suspension, and AFFIRM that agency action through June 5, 2014.

## BACKGROUND

¶2      The appellant held the position of Intelligence Specialist with the agency's Naval Special Warfare Development Group.  Initial Appeal File (IAF), Tab 7 at 21-22.  The position required him to obtain and maintain a Top Secret clearance with access to Sensitive Compartmented Information (SCI).  *Id.* at 65, 68.  By memorandum dated June 18, 2012, the agency suspended the appellant's security clearance pending an investigation by the Department of the Navy Central Adjudication Facility to determine the final status of his clearance.  *Id.* at 46.

¶3      On June 19, 2012, the agency proposed to indefinitely suspend the appellant without pay based on the suspension of his Top Secret security clearance.  *Id.* at 43-45.  The appellant responded orally and in writing, *id.* at 31-41, and by letter dated August 29, 2012, which the agency amended on September 4, 2012, the deciding official notified the appellant that he was suspended without pay, effective September 5, 2012, *id.* at 22-30.  The deciding official also informed the appellant that the suspension would remain in effect until the completion and disposition of all issues regarding his security clearance and through the notice period of any subsequent adverse action in the event that a final determination was made to revoke his security clearance.  *Id.* at 28-29.

¶4      On October 3, 2012, the appellant filed an appeal of the indefinite suspension, which is separate from the present appeal, alleging that the agency's actions violated his due process rights.  IAF, Tab 8 at 9-13.  In an initial decision dated November 29, 2012, the administrative judge dismissed the appeal as withdrawn with prejudice based upon written notice from the appellant withdrawing his appeal.  *Id.* at 36, 38-39.

¶5      On April 10, 2013, the Department of Defense Consolidated Adjudications Facility (DODCAF) issued a Letter of Intent informing the appellant of its preliminary decision to revoke his eligibility for a security clearance, his assignment to a sensitive position, and his access to SCI.  IAF, Tab 6 at 49-52.  DODCAF provided him with a Statement of Reasons forming the basis for the

preliminary decision and informed him that he could respond to the statement within 15 calendar days. *Id.* The appellant responded in writing, *id.* at 64-69, and on July 30, 2013, DODCAF issued a Letter of Notification with its final determination to revoke the appellant's eligibility for a security clearance, his assignment to a sensitive position, and his access to SCI, *id.* at 74-76. The appellant appealed DODCAF's final revocation by requesting a personal appearance before the Defense Office of Hearings and Appeals, which held a hearing on February 20, 2014. *Id.* at 82, 84.

¶6        On March 3, 2014, the appellant filed the present appeal concerning his indefinite suspension, claiming that it was illegally imposed and that it had continued for an excessive length of time. IAF, Tab 1 at 1, 4, 6. Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 1 at 2, Tab 12, Initial Decision (ID) at 1. The administrative judge found that the appellant had previously filed an appeal of the same indefinite suspension, which he withdrew, and that he discerned no basis for reopening the appeal. ID at 2-3.

¶7        The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. After the appellant filed his petition for review, on June 4, 2014, the agency notified him that the Personnel Security Appeals Board (PSAB) upheld DODCAF's revocation of his eligibility for a security clearance. PFR File, Tab 5 at 13-16. The appellant subsequently resigned from his position on June 5, 2014. *Id.* at 12. The agency thereafter filed a response in opposition to the appellant's petition for review.[1] *Id.* at 4-11.

---

[1] The agency also filed a motion to join the current appeal with another appeal filed by the same appellant that was also pending before the Board, which the appellant did not oppose. PFR File, Tabs 3-4. We find, however, that joinder would not expedite the processing of the appeals. *See* 5 C.F.R. § 1201.36(b)(1). Accordingly, we deny the agency's motion.

ANALYSIS

¶8        Our reviewing court has found that there are two types of Board appeals that may arise from the imposition of an indefinite suspension. *See Rhodes v. Merit Systems Protection Board*, 487 F.3d 1377, 1380 (Fed. Cir. 2007). The first type of appeal is an inquiry into the propriety of an agency's imposition of an indefinite suspension and considers only facts relating to events prior to the suspension that are proffered to support such an imposition. *Id.* The second type of appeal is an inquiry into the propriety of an agency's failure to terminate the suspension and considers only facts and events that occurred after the suspension was imposed. *Id.*

¶9        Here, the appellant challenges both the imposition of the indefinite suspension, claiming it was unlawful because the agency committed harmful procedural error in effecting it, and the continuation of the indefinite suspension, claiming it has continued beyond any reasonable length of time, which was approximately 18 months at the time he filed the present appeal. PFR File, Tab 1 at 6-12. In dismissing the appeal for lack of jurisdiction, however, the administrative judge only addressed the appellant's claim regarding the imposition of the indefinite suspension. ID at 2-3. Regarding that claim, he found that the appellant previously had appealed the same adverse action to the Board, which the administrative judge properly dismissed as withdrawn, and that the appellant had failed to set forth a sufficient basis upon which to reopen the appeal. ID at 2-3. We find that the appellant has set forth no basis to disturb these findings on review. The appellant, however, did not challenge the continuation of the indefinite suspension in the withdrawn appeal and we find that the Board does have jurisdiction to consider this separate claim. *See Rhodes*, 487 F.3d at 1380-82.

¶10       To be valid, an indefinite suspension must have an ascertainable end, that is, a determinable condition subsequent that will bring the suspension to a conclusion. *Jones v. Department of the Army*, 111 M.S.P.R. 350, ¶ 11 (2009).

The Board, however, will not impose a condition subsequent different from the one identified by the agency in its decision imposing the indefinite suspension. The Board's role in an appeal alleging an impermissible continuation of an indefinite suspension is limited to reviewing whether the condition subsequent identified by the agency has occurred and whether the agency acted within a reasonable amount of time to terminate the suspension following the satisfaction of the condition subsequent. *See Sanchez v. Department of Energy*, 117 M.S.P.R. 155, ¶ 9 n.2 (2011).

¶11        Based on the decision letter indefinitely suspending the appellant, the condition subsequent triggering the cessation of the appellant's suspension is the completion and disposition of all issues regarding his security clearance and the completion of the notice period of any possible subsequent adverse action.[2] IAF, Tab 7 at 28. At the time the appellant filed his initial appeal, the appeal was premature because the issue of his security clearance had not yet been resolved. *See Sanchez*, 117 M.S.P.R. 155, ¶ 9 n.2. While the appeal was pending on review, however, the agency notified the appellant that the PSAB had denied his appeal of the revocation of his security clearance, which completed and disposed of all issues regarding his security clearance. PFR File, Tab 5 at 13-16. Ordinarily, at that point, the agency would propose the appellant's removal for failure to meet a condition of employment and the indefinite suspension would continue until a final decision was made on the proposed action. IAF, Tab 7 at

---

[2] We hereby overrule our decision in *Ryan v. Department of Homeland Security*, 121 M.S.P.R. 460, ¶ 14 (2014), to the extent that it holds that, where an agency indefinitely suspends an appellant based upon the suspension of her security clearance, the condition subsequent triggering the cessation of the suspension is the restoration of her security clearance. As explained above, the Board cannot impose a condition subsequent of restoration of an appellant's security clearance where the letter indefinitely suspending the appellant identifies the condition subsequent as the completion and disposition of all issues regarding the appellant's security clearance and the completion of the notice period of any possible subsequent adverse action.

29.  However, because the appellant in this case resigned the day after he learned that the PSAB denied his appeal, there was no subsequent adverse action, and the condition subsequent identified by the agency has been fully met.  PFR File, Tab 5 at 12, 16.  Given his immediate resignation, the appellant has failed to show that the agency did not act within a reasonable amount of time to terminate the suspension following the satisfaction of the condition subsequent.  Accordingly, we affirm the agency action though June 5, 2014, the date of his resignation.  PFR File, Tab 5 at 12; *see Sanchez*, 117 M.S.P.R. 155, ¶ 9 n.2.

## ORDER

¶12      This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.